# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| **GLENN DWAYNE SCOTT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:06-0419 |
| ) | |
| **CHARLES T. FELTS,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On May 26, 2006, Petitioner, an inmate at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed his Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Memorandum of Law challenging the computation of his federal sentence. (Doc. Nos. 1 - 2.)  By Standing Order also filed on May 26, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B).  (Doc. No. 4.)  Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." From the record available to the Court, it appears that Petitioner filed his Application without first exhausting his administrative remedies. Accordingly, the undersigned has determined that Petitioner's Application in this case should be summarily dismissed.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing Applications for relief under 28 U.S.C. § 2241. See Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987)(stating that "[t]his administrative remedy must be

utilized before a suit can be brought pursuant to § 2241(c)."). Federal prisoners have the burden of establishing at the outset that they have done so. The United States Bureau of Prisons has established procedures whereby federal prisoners may seek review of complaints which relate to any aspect of their imprisonment. 28 C.F.R. §§ 542.10 - 542.16. The Bureau of Prison's Administrative Remedy Program is a four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his or her complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.10. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a). If the inmate's Request went initially to the Regional Director, the inmate may appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id. General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a).

In his Application, Petitioner indicates that he is the process of appealing the denial of his administrative remedy request with respect to the issues raised in his Application to the Regional Director and that a miscarriage of justice would result if he was required to complete the administrative remedy process. In support of his contention that he should be excused from exhausting his administrative remedies, Petitioner filed a Motion for Leave and Expedient Proceedings stating that he

"has not fully completed the Administrative Remedy process." (Doc. No. 3.) Petitioner, however, again indicates that at the time of the filing of his Petition, he had filed an appeal with the Regional Director. (Id. at 1.) Petitioner seeks an expedited hearing on the grounds that his release date would be June 6, 2006, if his Petition was granted. (Id.) Petitioner further states it has taken over three months to receive a response from the warden. (Id.) Based on the foregoing, it is clear that Petitioner has begun the exhaustion process, but has not completely exhausted his administrative remedies. While Petitioner argues that he did not receive a timely response to his administrative remedy request, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the alloted time for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." The District Court, therefore, must summarily dismiss Petitioner's Application without prejudice for Petitioner's failure to exhaust his administrative remedies.

Moreover, the undersigned finds that the Petitioner's § 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Id. Petitioner challenges the computation of his federal sentence. Respondent cannot, however, afford Petitioner his requested relief because he was released from the custody of the Federal Bureau of Prisons on October 13, 2006, and therefore no longer has jurisdiction over him. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123,

1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release, the Court can no longer consider Petitioner's challenge to the Federal Bureau of Prisons' calculation of his sentence.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S.1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43(1998). In his Application, Petitioner challenges the calculation of his sentence; he does not challenge his underlying conviction and sentence. Accordingly, Petitioner's claims are rendered moot by virtue of his release and the absence of collateral consequences, and therefore, his § 2241 Application must be dismissed for this additional reason.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Petitioner, who is acting *pro se*.

Date: February 20, 2007.

R. Clarke VanDervort
United States Magistrate Judge